Daniels, J.
—This is one of a series of actions brought by judgment creditors, to set aside as fraudu *209 lent, a general assignment made by William M. Hals ted and others, to Lewis May.
One of the actions was tried, and it resulted nra judgment in favor of the assignee dismissing the complaint of the creditors. Upon that determination and judgment, a motion was made in the other actions for leave to serve a supplemental answer, setting up this disposition of the action brought by Levi L. Brown and others against the same defendants; and an order was made by the court allowing the service of such an answer upon terms, and also permitting the plaintiffs in the actions to serve an amended or supplemental complaint, with the privilege to the defendant to answer such amended or supplemental pleading.
This part of the order is made the subject of objection by the defendant, but it cannot be said to have resulted from any improper exercise of the discretion of the court, for it may be, although it will not probably be the case, that the plaintiffs will consider it advisable to amend their complaint upon the service of the supplemental answer. And to provide for such a possible contingency, and dispense with the necessity of further motions, it was not injudicious to give this direction.
The attorneys in each of the actions were brought before the court by the order to show cause which was served, and there was ground, therefore, for allowing costs of the motion in each of the cases. In addition to, such costs, the defendant was required to pay §25 costs for proceedings before notice of trial in each of the suits. That, probably, considering the fact that no change in the complaint, or in the preceding issues, would be necessarily caused by the supplemental answer, was more liberal to the attorneys opposing, than the facts appearing would justify. So far as this sum has been ordered to be paid, the order should be vacated. Such a modification is also supported by *210 the probability that the supplemental answer itself may be of no service whatever to the defendant, for it cannot be readily perceived how the determination and decision in the action of Levi L. Brown and others, can be of any service to the assignee, as a bar in the other suits.
With this modification of the order it should he affirmed, with the usual costs and disbursements, to abide the event of the different'actions.